DAVID P. MASTAGNI, ESQ. (SBN 57721)
DAVID E. MASTAGNI, ESQ. (SBN 204244)
WILL M. YAMADA, ESQ. (SBN 226669)
**MASTAGNI, HOLSTEDT, AMICK,**
**MILLER, JOHNSEN & UHRHAMMER**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95814
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

C 05 3192

| | |
|---|---|
| ROBERT G. BELMONT, ERIC BETTENCOURT, MARY BURNS, PETER CALLIES, STEVE CHAPUT, ARTHUR CLAYTON, MARK J. CODY, CHRISTINA CORPUS, MICHAEL DEL CARLO, CELIA DRISCOLL, JEFF C. EKHARDT, TODD FINATO, JOHN M. FLORES, LOUIE FUENTES, MARK GARCIA, JAMES E. GOULART, JESSE GURKOVIC, EDWARD HAYNES, BIANCA HERNANDEZ, GABRIEL HUERTA, GEORGE A. ISMAEL, JOHN D. JEWELL, GARY S. JOHNSTON, FRIEDHELM KLINGEL, MARK T. KUYKENDALL, ROBERT LEWETZON, JUAN P. LOPEZ, PATRICK ANDREW LUCY, ARTHUR MARCUSSEN, THOMAS C. McEVOY, MARK McIMAN, DAVID NELSON, KEITH O'DELL, PATRICK O'ROURKE, RONNIE, OVERMAN, JANICE PAGE, JASON PEARDON, JALENE PLAISTED, MICHAEL ANTONIO PUGLIESE, HEINZ PUSCHENDORF JR., ROBERT RANGEL, JON ROBERTS, VICKIE ROGERS, ROBERT RUNNEALS, ANA M. SANCHEZ, JOSE SANTIAGO, MICHAEL B. SHANKS, KEVIN VALENCIA, VINCENT VASQUEZ, JENNIFER A. VIEIRA, GOLD VOYTEK, DAVID WOZNAK acting for themselves and others similarly situated,<br><br>Plaintiffs, | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT**<br><br>[29 USC § 207, et seq.] |

---

Complaint for Violation of the FLSA
[29 USC § 207, et seq.]

BELMONT, ET AL. V. COUNTY OF SAN MATEO

v.

COUNTY OF SAN MATEO,

        Defendant.

## JURISDICTION

1. This action is brought pursuant to the provisions of the Fair Labor Standards Act (hereinafter "FLSA") 29 USC §§ 207, et seq., to recover from Defendant COUNTY OF SAN MATEO (hereinafter "Defendant" or "County") unpaid overtime compensation, interest thereon, liquidated damages, costs of suit and reasonable attorneys' fees. Jurisdiction is conferred on this Court by 28 USC § 1331 and § 216(b) of the Act. This Court has subject matter jurisdiction of this action pursuant to 29 USC § 207, et seq.

2. Plaintiffs hereinafter-mentioned are or were employed by the DEFENDANT. Plaintiffs each were deprived of their full statutorily required compensation for overtime hours worked as a result of DEFENDANT using illegal computation methods, which undercount Plaintiffs' "regular rate" of pay. Defendant's method of calculating Plaintiffs' "regular rate" of pay reduces the amount of compensation Plaintiffs are receiving for overtime hours worked in violation of the FLSA.

3. DEFENDANT, is a political subdivision of the State of California and at all times herein-mentioned, employed Plaintiffs.

4. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated who work or have worked for the Defendant and were deprived of their complete statutory overtime compensation. Those individuals similarly situated constitute a well-defined community of interest in the questions of law and fact. The claims of the represented parties are typical of the claims of those similarly situated. The represented parties will fairly and adequately reflect and represent the interest of those similarly situated.

## COLLECTIVE ACTION ALLEGATIONS

5. This action is brought by Plaintiffs as a collective action, on their own behalf and on behalf of all others similarly situated, under the provisions of 29 U.S.C. § 216, for damages, liquidated

MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

Complaint for Violation of the FLSA [29 USC § 207, et seq.]     -2-     BELMONT, ET AL. V. COUNTY OF SAN MATEO

damages, three year statute of limitations and relief incident and subordinate thereto including costs and attorney's fees.

6. Plaintiffs bring this collective action on behalf of themselves and all other persons similarly situated who were employed by the County between August 5, 2002 and August 5, 2005 and were not fully compensated for all hours of overtime worked.

7. The exact number of members similarly situated in the collective group, as herein above identified and described, is estimated to consist of not less than fifty-two (52) plaintiffs.

8. Those individuals similarly situated constitute a well-defined community of interest in questions of law and fact. The claims of the represented parties are typical of the claims of those similarly situated. The represented parties will fairly and adequately reflect and represent the interest of those similarly situated.

9. There are common questions of law and fact in this action relating to and affecting the rights of each member of the collective group and the relief sought is common to the entire class, namely, whether Defendant failed to fully compensate in the statutorily required amounts for all hours of overtime worked, as a result of Defendant's unlawful computation methods for work performed in excess of Plaintiffs' forty (40) hour workweek and eighty (80) hour two (2) week pay period.

10. The claims of Plaintiffs and those similarly situated, depend on a showing of the acts and omissions of Defendant giving rise to the right of Plaintiffs to the relief sought herein. There is no conflict as to any individually named Plaintiff and other members of the collective group seeking to opt-in, with respect to this action, or with respect to the claims for relief herein set forth.

11 This action is properly maintained as a collective action in that the prosecution of separate actions by individual members of the collective group would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests.

12. The attorneys for Plaintiffs are experienced and capable in litigation in the field of Fair Labor Standards Act and Labor/Employment litigation and have successfully represented claimants in other litigation of this nature. Of the attorneys designated as counsel for Plaintiffs, David P. Mastagni,

MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

Complaint for Violation of the FLSA [29 USC § 207, et seq.]

BELMONT, ET AL. V. COUNTY OF SAN MATEO

-3-

David E. Mastagni and Will M. Yamada will actively conduct and be responsible for Plaintiffs' case herein.

**FACTUAL ASSERTIONS**

13. The Plaintiffs are or were employed by the Defendant within the last three (3) years. Plaintiffs and Defendant's employment relationship is governed by the terms of the applicable collective bargaining agreements relating to their respective bargaining units. Said collective bargaining agreements delineate the terms and conditions of employment for the Plaintiffs.

14. The collective bargaining agreements between the respective bargaining unit representatives and Defendant include salary scales paying Plaintiffs a base salary for a fixed number of hours per week. Plaintiffs' Bi-weekly salary is intended to compensate them for (80) eighty hours of work per two (2) week period.

15. Defendant has a policy and practice of paying Plaintiffs' overtime compensation at a rate of one and one-half of Plaintiffs' "base hourly rate", and excluding or under counting remunerations such as nondiscretionary bonuses, incentive pays, pay differentials, extra compensations and/or premium pays.

16. Accordingly, Defendant is not properly calculating the "regular rate" of pay upon which overtime compensation is based. 29 U.S.C. § 207(e) requires the inclusion in the "regular rate" of pay, all remuneration for employment except seven specified types of payments not applicable to this action.

17. Defendant impermissibly excludes or under calculates nondiscretionary bonuses, incentive pays, pay differentials, extra compensations and/or premium pays from its calculation of the "regular rate" of pay, upon which plaintiff's overtime compensation is based.

18. The County's past and current practice of computing overtime payments has reduced the amount of overtime being paid to the Plaintiffs by failing to compute all statutorily required amounts into Plaintiffs' "regular rate" of pay. The County's improper exclusion of remunerations in calculating Plaintiffs' "regular rate" of pay has had and continues to cause an impermissible reduction of Plaintiffs' overtime rate of pay.

19. For example, the collective bargaining agreement between the San Mateo County Deputy

MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

Complaint for Violation of the FLSA
[29 USC § 207, et seq.]

-4-

BELMONT, ET AL. V. COUNTY OF SAN MATEO

Sheriffs' Association (hereinafter "SMCDSA") and Defendant includes a provision requiring the Defendant to pay Plaintiffs, who are represented by the SMCDSA, experience pay. Experience pay is allotted according to years of service and is an additional percentage of Plaintiffs' base rate pay. Experience pay is calculated at the following rates: two percent (2.0%) for twelve (12) years of service, three percent (3.0%) for fifteen (15) years of service, four percent (4.0%) for eighteen (18) years of service and five percent (5.0%) for twenty years of service.

20. Defendant's past and current practice has been to completely exclude the Experience pay incentive from the calculation of the "regular rate" of pay for computing overtime payments.

21. Defendant's exclusion of the Experience Pay incentive from calculating the "regular rate" of pay has reduced the Plaintiffs' "regular rate" of pay resulting in under payment of Plaintiffs' overtime compensation.

22. The collective bargaining agreement between the SMCDSA and the Defendant includes a provision requiring the Defendant to pay Plaintiffs, who are assigned as a Field Training Officer, a Field Training Officer incentive in the amount of one pay step above their base hourly rate for work performed.

23. Plaintiffs are informed and believe and therefore allege the Defendant has excluded or under-calculated these Field Training Officer premiums from the calculation of the "regular rate" of pay for computing overtime payments.

24. Defendant's exclusion of the Field Training Officer premiums from calculating the "regular rate" of pay has reduced the Plaintiffs' "regular rate" of pay and resulted in under payment of Plaintiffs' overtime compensation.

25. The collective bargaining agreement between the SMCDSA and the Defendant includes a provision requiring the Defendant to pay Plaintiffs, who are assigned as Jail Training Officers, a Jail Training Officer premium in the amount of one pay step above their base hourly rate for work performed.

26. Plaintiffs are informed and believe and therefore allege the Defendant has excluded or under-calculated these Jail Training Officer premiums from the calculation of the "regular rate" of pay for computing overtime payments.

MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER A PROFESSIONAL CORPORATION 1912 I STREET SACRAMENTO, CALIFORNIA 95814

Complaint for Violation of the FLSA [29 USC § 207, et seq.] -5- BELMONT, ET AL. V. COUNTY OF SAN MATEO

27. Defendant's exclusion of the Jail Training Officer premiums from calculating the "regular rate" of pay has reduced the Plaintiffs' "regular rate" of pay and resulted in under payment of Plaintiffs' overtime compensation.

28. The collective bargaining agreement between the SMCDSA and the Defendant includes a provision requiring the Defendant to pay Plaintiffs, who are represented by the SMCDSA, an additional two dollars and sixty cents ($2.60) per hour said Plaintiff is on-call.

29. Plaintiffs are informed and believe and therefore allege the Defendant has excluded or under-calculated these on-call remunerations from the calculation of the "regular rate" of pay for computing overtime payments.

30. The collective bargaining agreement between the SMCDSA and the Defendant includes a provision requiring the Defendant to pay Plaintiffs, who qualify for bilingual pay, an additional thirty dollars ($35) per two week period for bilingual pay.

31. Plaintiffs are informed and believe and therefore allege the Defendant has excluded or under-calculated this bilingual pay premiums from the calculation of the "regular rate" of pay for computing overtime payments.

32. Defendant's exclusion of bilingual pay from calculating the "regular rate" of pay has reduced the Plaintiffs' "regular rate" of pay and resulted in under payment of Plaintiffs' overtime compensation.

33. The collective bargaining agreement between the SMCDSA and the Defendant includes a provision requiring the Defendant to pay Plaintiffs, who are represented by the SMCDSA, Night Shift differential pay in the amount of one pay step above their base hourly rate.

34. Plaintiffs are informed and believe and therefore allege the Defendant has excluded or under-calculated this Night Shift differential pay from the calculation of the "regular rate" of pay for computing overtime payments.

35. Defendant's exclusion of Night Shift Differential pay from calculating the "regular rate" of pay has reduced the Plaintiffs' "regular rate" of pay and resulted in under payment of Plaintiffs' overtime compensation.

36. The collective bargaining agreement between the SMCDSA and the Defendant includes

MASTAGNI, HOLSTEDT, AMICK
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

Complaint for Violation of the FLSA [29 USC § 207, et seq.] -6- BELMONT, ET AL. V. COUNTY OF SAN MATEO

a provision requiring the Defendant to pay Plaintiffs, who are represented by the SMCDSA, an Explosive Technician Pay incentive in the amount of $69.23 per bi-weekly pay period.

37. Plaintiffs are informed and believe and therefore allege the Defendant has excluded or under-calculated the Explosive Technician incentive from the calculation of the "regular rate" of pay for computing overtime payments.

38. Defendant's exclusion of Explosive Technician Pay from calculating the "regular rate" of pay has reduced the Plaintiffs' "regular rate" of pay and resulted in under payment of Plaintiffs' overtime compensation.

39. Plaintiffs are informed and believe and therefore allege that Defendant has failed to include additional remunerations in Plaintiff's "regular rate" of pay in violation of 29 U.S.C. § 207. Such remuneration includes, but is not limited to: Out of Classification Pay, Holiday In Lieu Pay and Canine Premium Pay. Defendant's failure to include these forms of remuneration in Plaintiffs' "regular rate" of pay resulted in under payment in Plaintiffs' overtime compensation in violation of the FLSA.

40. Defendant has withheld a substantial amount of overtime compensation from all Plaintiffs by incorrectly and illegally computing Plaintiffs' "regular rate" of pay, resulting in under payment of overtime compensation in violation of the 29 U.S.C. § 207.

41. Plaintiffs are informed and believe and therefore allege that Defendant has been made aware of and was notified about the improper and illegal calculation it uses to compute overtime in a timely manner and chose not to rectify it.

42. Defendant knew or should have known its method of calculating the "regular rate" and providing overtime compensation violated the FLSA.

43. Plaintiffs are informed and believe and therefore allege the Defendant has refused to abide by requests to cease and desist from violating overtime laws under the FLSA.

44. Plaintiffs are informed and believe, and therefore allege the Defendant knew or should have known the FLSA obligated Defendant to include incentive pays in the "regular rate" of pay. Defendant knew or should have known it was obligated to use said "regular rate" in the computation of overtime.

45. Defendant's conduct was willful and constituted a conscious or reckless disregard for

MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

Complaint for Violation of the FLSA
[29 USC § 207, et seq.]    -7-    BELMONT, ET AL. V. COUNTY OF SAN MATEO

the law. Defendant knew its method of calculating overtime was and is prohibited by the FLSA.

## FIRST COUNT

### CAUSE OF ACTION FOR THE VIOLATION OF THE FAIR LABOR STANDARDS ACT

46. Plaintiffs incorporate by reference paragraphs 1 through 45, inclusive, as though set forth fully herein.

47. Pursuant to 29 U.S.C. § 207 (a)(2)(C), an employer cannot employ an employee for more than forty hours in a workweek unless "such employee receives compensation for his employment in excess of the hours specified above at a rate not less than one and one-half times the regular rate at which he is employed."

48. Pursuant to 29 U.S.C. § 207(e), "the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but" excludes specifically delineated payments detailed under section (e). The exclusions are not applicable to this action.

49. The FLSA and the corresponding authorities define the "regular rate" of pay as including, but not limited to, such remuneration as shift differential pay, nondiscretionary bonuses, other incentive pays, pay differentials, extra compensations and premium pays.

50. The collective bargaining agreements or Memoranda of Understandings ("MOU") between the applicable recognized bargaining unit agents and Defendant provide Plaintiffs a nondiscretionary right to additional compensation and pay if they meet certain qualifications. These additional pays and compensation must be included in the calculation of the Plaintiffs' "regular rate" of pay, for purposes of determining overtime compensation.

51. Defendant's past and current practice has been to exclude experience pay, shift differential pay, field training officer pay, explosive technician pay and on-call pay premiums in addition to other incentive pays, nondiscretionary bonuses, pay differentials, extra compensations and premium pays from the calculation of the "regular rate" of pay. Defendant's practice is in direct violation of the FLSA.

52. Plaintiffs are informed and believe and therefore allege Defendant was aware of and had

MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

Complaint for Violation of the FLSA [29 USC § 207, et seq.] -8- BELMONT, ET AL. V. COUNTY OF SAN MATEO

been notified it was violating the FLSA.

53. Defendant has withheld significant portions of overtime compensation to which Plaintiffs are entitled and continues to do so.

54. At all times herein mentioned, Plaintiffs are informed and believe and therefore allege that Defendant and its agents and/or representatives were aware of their obligations to properly compute and utilize the correct "regular rate" of pay in calculating Plaintiffs' overtime compensation.

55. Plaintiffs are informed and believe and therefore allege that Defendant and its agents and/or representatives willfully and knowingly violated the FLSA by continuing to improperly exclude remunerations from the calculation of the "regular rate" of pay.

56. Defendant's continuing failure to so compensate Plaintiffs was not in good faith and is also a willful violation of the FLSA as it applies to employees of local governments.

57. As a result of the foregoing violations of the FLSA as herein enumerated, Plaintiffs seek damages for lost overtime compensation, as well as liquidated damages. Plaintiffs seek these damages for the entire time period that Defendant has been engaging in said unlawful conduct up to three years as prescribed under the FLSA.

58. Plaintiffs also seek reasonable attorneys' fees pursuant to 29 USC Section 216(b).

WHEREFORE, Plaintiffs pray judgment as follows:

1. For unpaid compensation and interest thereon, plus an equal amount of liquidated damages, for all Plaintiffs who were required to work excess hours without appropriate compensation pursuant to 29 USC § 216(b).

2. For a determination that Defendant's conduct was not in good faith and an intentional, knowing and willful violation of the FLSA, thus entitling Plaintiffs to liquidated damages;

3. For reasonable attorneys' fees pursuant to 29 USC § 216(b);

4. For costs incurred as a result of this proceeding;

5. For injunctive relief ordering the Defendant to cease and desist from engaging in said unlawful conduct;

6. For injunctive relief ordering the Defendant to calculate the "regular rate" computation

MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

Complaint for Violation of the FLSA
[29 USC § 207, et seq.]

-9-

BELMONT, ET AL. V. COUNTY OF SAN MATEO

consistent with the requirements of the FLSA; and

7.    For such other and further relief as the court deems just and proper.

Dated: August 5, 2005

**MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER**

By: _____
WILL M. YAMADA,
Attorney for Plaintiffs

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

Complaint for Violation of the FLSA
[29 USC § 207, et seq.]

-10-

BELMONT, ET AL. V. COUNTY OF SAN MATEO